UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROBERTSON,

    Petitioner,

v.

                                    Case No. 06-15376
                                    HONORABLE PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

    Respondent,

_____/

## OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on August 14, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Ryan Robertson ("Petitioner"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 2003 convictions for third- and fourth-degree criminal sexual conduct, in violation of Michigan Compiled Laws §§ 750.520d(1)(a) and 750.520e(1)(a), respectively. For the reasons set forth below, petitioner's application for a writ of habeas corpus is dismissed without prejudice.

**Background**

1

Petitioner was convicted of third- and fourth-degree criminal sexual conduct following a bench trial in the Wayne County Circuit Court, State of Michigan. He appealed to the Michigan Court of Appeals, raising a sufficiency of the evidence claim. Specifically, petitioner argued in his appellate brief that there was no evidence of any sexual contact between himself and the victim to support his convictions. The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Robertson,* No. 251879 (Mich. Ct. App. Aug. 9, 2005) (unpublished opinion).

Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court. In addition to raising the sufficiency of evidence claim that he presented to the Michigan Court of Appeals, petitioner raised several new claims, which are set forth verbatim below:

> II. Ineffective assistance of trial counsel that in so much as breakdown in communication, failed to raise issue of insufficient evidence or move for dismissal also never filed for a directed verdict.
>
> III. Hearsay evidence. The victim told her friend then her friend told the story of what allegedly happened.
>
> IV. Failure to object to prosecutors opinions in the closing arguments Page 85 lines 4-5, 12-13, 21-22 of TT. It is unprofessional conduct for a prosecutor to express such a personal belief.
>
> V. Missing Transcripts – the first day of the trial (Sept 19, 2003) transcripts were missing until 2 weeks before my case was heard in the Court of Appeals. There for my lawyer never had a chance to look at them.
>
> VI. Due Process of Law-the Fifth Amendment Due

>Process Law requires the defendant not be sentenced
>on the basis of "materially untrue" assumptions or
>"misinformation."

On December 27, 2005, the Michigan Supreme Court denied petitioner leave to appeal. *People v. Robertson,* 474 Mich. 980, 707 N.W.2d 204 (2005).

On December 4, 2006, petitioner filed the pending habeas petition in which he raises four grounds for relief. Petitioner's first ground for relief is entitled "alibi defense." In this claim, petitioner asserts that various portions of the trial transcript support an alibi defense, specifically that he was incarcerated in the Wayne County Jail when the mother of the victim claims the crimes for which he was convicted occurred. In his second ground for relief, petitioner contends that inconsistent statements by the State's witnesses (at and before trial) establish doubt regarding his guilt and resulted in the denial of a fair and impartial trial. Petitioner's third and fourth grounds for relief relate to the September 19, 2003 trial transcript that he claims was not made available to him until after the Michigan Court of Appeals rejected his appeal. In his third ground for relief, petitioner asserts that he was not given the opportunity to present a proper defense on appeal because he did not have the transcript. In his fourth ground for relief, petitioner asserts that he was denied due process because, without the transcript, he did not have the chance on appeal to demonstrate the conflicting statements of the victim and her mother. Petitioner believes that the transcript establishes grounds for an actual innocence claim.

On June 1, 2007, respondent filed an answer to the petition. Respondent contends that petitioner has failed to exhaust his claims in the state courts and that, therefore, his

petition is subject to dismissal.

## Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal basis for the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must be presented to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The Sixth Circuit has noted four actions a defendant can take which are significant to determine whether a claim has been "fairly presented" to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claims in terms of constitutional law or in terms sufficiently particular to allege a denial of a constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)).

To satisfy the exhaustion requirement, a prisoner must invoke one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in

a federal habeas corpus petition. *Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

None of the claims in petitioner's pending application for habeas relief have been "fairly presented" to the Michigan Court of Appeals and the Michigan Supreme Court. Michigan law, specifically Michigan Court Rules 6.502 *et seq.*, provides petitioner an avenue to raise the claims now presented. However, as presented to this Court, not all of petitioner's claims allege a violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Therefore, if he wishes to seek habeas relief, petitioner must "federalize" his claims, return to state court, and give the state courts the opportunity to resolve those claims in the first instance.[1]

Accordingly,

---

[1] Petitioner should be mindful of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. The statute of limitations stopped running from the time petitioner filed the pending application for a writ of habeas corpus until the application was dismissed; however, a significant portion of the one-year period already had expired from the time his convictions became final until December 4, 2006, when he filed his application. The time remaining before the one-year limitations period expires will run during any period that petitioner waits to file a state post-conviction motion and to return to federal court after exhausting his claims.

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

              s/PATRICK J. DUGGAN
              UNITED STATES DISTRICT JUDGE

Copies to:
Ryan Robertson, #332665
Pine River Correctional Facility
320 North Hubbard Street
St. Louis, MI 48880

Debra M. Gagliardi, Esq.